

**ORIGINAL**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ANNA SALINAS, on her behalf and on behalf of those similarly situated, | § § § | |
| | § | Civil Action No.3:04-CV-1861-B |
| v. | § § | |
| O'REILLY AUTOMOTIVE, INC. | § | Jury Demanded |

---

## PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION TO TRANSFER VENUE AND BRIEF IN SUPPORT THEREOF

---

Brady Edwards
State Bar No. 00793021
EDWARDS & GEORGE, LLP
1000 Louisiana, Suite 1300
Houston, Texas  77002
713.339.3233
713.339.2233 (*facsimile*)

J. Derek Braziel
State Bar No. 00793380
EDWARDS & GEORGE, LLP
208 N. Market Street, Suite 400
Dallas, Texas  75202
214.749.1400
214.749.1010 (facsimile)

Richard J. Burch
State Bar No. 24001807
BRUCKNER BURCH, PLLC
5847 San Felipe, Suite 3900
Houston, Texas  77057
713.877.8788
713.877.8065 (facsimile)

**ATTORNEYS FOR PLAINTIFFS**

# TABLE OF CONTENTS

TABLE OF CONTENTS....................................................................................................i

TABLE OF AUTHORITIES...........................................................................................iii

I.      INTRODUCTION AND FACTUAL BACKGROUND.....................................1

II.     ANALYSIS AND AUTHORITIES...................................................................3

       A.    O'Reilly has not Established that the Convenience of the Parties
           Clearly Weighs in Favor of Transfer to Missouri.....................................4

           1.    Contrary to O'Reilly's argument, a plaintiff's choice of forum
                in a collective action is relevant to the venue analysis.................5

           2.    Contrary to the unsupported allegations in its brief, O'Reilly has
                made no showing that Springfield, Missouri will be a more
                convenient forum for Plaintiffs than Dallas, Texas.....................6

       B.    O'Reilly has not Established that the Convenience of Witnesses Clearly
           Weighs in Favor of Transfer to Missouri...................................................7

           1.    O'Reilly  provides no evidence to support its claim of
                inconvenience...............................................................................7

           2.    O'Reilly's arguments with respect to the inconvenience of
                Witnesses find no support in the law...........................................9

       C.    O'Reilly has not Established that the Availability of Process to
           Compel the Presence of Unwilling Witnesses Clearly Weighs in
           Favor of Transfer to Missouri.................................................................10

       D.    O'Reilly has not Established that the Cost of Obtaining the Presence
           of Witnesses Clearly Weighs in Favor of Transfer to Missouri.............11

       E.    O'Reilly has not Established that the Relative Ease of Access to
           Sources of Proof Clearly Weighs in Favor of Transfer to Missouri......13

       F.    O'Reilly Concedes that Calendar Congestion does not Weigh in
           Favor of Transfer to Missouri.................................................................15

       G.    O'Reilly has not Established that the Place of the Wrong Clearly
           Weighs in Favor of Transfer to Missouri................................................15

H.      O'Reilly has not Established that the Interests of Justice Clearly
        Weigh in Favor of Transfer to Missouri..................................................................16

III.    CONCLUSION........................................................................................................18

CERTIFICATE OF SERVICE....................................................................................................20

APPENDIX.........................................................................................................separately bound

# TABLE OF AUTHORITIES

## CASES

*Bolton v. Tesoro Petroleum Corp.*,
  549 F. Supp. 1312, 1313 – 1314 (E.D. Pa. 1982)................................................................. 5

*Brown v. Flowers Industries, Inc.*,
  688 F.2d 328, 333 – 334 (5th Cir. 1982) ........................................................................ 15

*Continental Airlines, Inc. v. American Airlines, Inc.*,
  805 F. Supp. 1392, 1397 (S.D. Tex. 1992)...................................................................... 13

*D.J. Investments, Inc. v. Metzeler Motorcycle Tire Agent Gregg, Inc.*,
  754 F.2d 542, 547 - 548 (5th Cir. 1985)......................................................................... 15

*Dalheim v. KDFW-TV*,
  918 F.2d 1220, 1224 (5th Cir. 1990) ................................................................................ 6

*Enserch International Exploration, Inc. v. Attock Oil Co.*,
  656 F. Supp. 1162, 1167 (N.D. Tex. 1987) ................................................................. 4, 10

*Eugene v. McDonald's Corp.*,
  1996 WL 411444 (N.D. Ill., July 18, 1996) ..................................................................... 5

*Gulf Oil Corp. v. Gilbert*,
  330 U.S. 501 (1947)........................................................................................................... 4

*Gundle Lining Constr. Corp. v Fireman's Ins. Co.*,
  844 F.Supp. 1163 (S.D. Tex. 19947)........................................................................... 3, 10

*Koster v. Lumbermans Mut. Cas. Co.*,
  330 U.S. 518 (1997).......................................................................................................... 5

*Marks v. Fireman's Fund Insurance Co.*,
  109 F. Supp. 800, 803 (S.D.N.Y. 1953) ...................................................................... 6, 9

*Menendez Rodriguez v. Pan American*,
  311 F.2d 429, 434 (5th Cir. 1962) ................................................................................... 3

*Mohamed v. Mazda Motor Corp.*,
  90 F. Supp.2d 757, 778 (E.D. Tex. 2000)................................................................. 13, 17

*Peteet v. Dow Chemical Co.*,
  868 F.2d 1428, 1436 (5th Cir. 1989) ............................................................................... 3

*Schonbuch v. Lee Fleet Management, Inc.*,
   203 F. Supp. 793, 794 (S.D.N.Y. 1961) ............................................................. 9

*Terra International, Inc. v. Mississipi Chemical Corp.*,
   922 F. Supp. 1334, 1360 (N.D. Iowa 1996) ...................................................... 10

*TIG Insurance Co. v. NAFCO Insurance Co.*,
   177 F. Supp.2d 561, 568 (N.D. Tex. 2001) ...................................... 4, 9, 10, 11

*Time v. Manning*,
   366 F.2d 690, 698 (5th Cir. 1966) ..................................................................... 3

*Von Graffenfried v. Craig*,
   246 F. Supp.2d 553, 562-63 (N.D. Tex. 2003) ................................................ 16

*Young v. Armstrong World Industries, Inc.*,
   601 F. Supp. 399, 401 (N.D. Tex. 1984) .............................................. 7, 8, 10

## STATUTES

Fair Labor Standards Act .................................................................................... *passim*

## OTHER AUTHORITIES

WRIGHT, MILLER, & COOPER, *Federal Practice and Procedure*, § 3851

   270-71 (1976) ...................................................................................................... 8

   424 – 425 (1986) ................................................................................................ 10

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **ANNA SALINAS, on her behalf and on** | § | |
| **behalf of those similarly situated,** | § | |
| | § | **Civil Action No.3:04-CV-1861-B** |
| **v.** | § | |
| | § | |
| **O'REILLY AUTOMOTIVE, INC.** | § | **Jury Demanded** |

**PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION TO TRANSFER VENUE AND**
**BRIEF IN SUPPORT THEREOF**

**TO THE HONORABLE JUDGE OF SAID COURT:**

Plaintiff Anna Salinas ("Salinas"), individually and on behalf of those similarly

situated, files this Response to the Motion to Transfer Venue filed by Defendant O'Reilly

Automotive, Inc. ("O'Reilly"), and Brief in Support Thereof, and would respectfully show the

Court as follows:

## I. INTRODUCTION AND FACTUAL BACKGROUND

On August 26, 2004, Salinas filed this collective action against O'Reilly[1] pursuant

to 29 U.S.C. § 216(b) of the Fair Labor Standards Act ("FLSA"). Salinas, who resides within the

Northern District of Texas, alleges that O'Reilly failed to pay her and other similarly situated

employees one and one-half times their regular rates for hours worked in excess of forty hours

per week. *See* Original Complaint at ¶¶ 1-3, 11, 13. In addition to Salinas, three individuals

have filed a notice of consent indicating that they desire to participate in the collective action

---

[1] O'Reilly is an auto parts retailer that "owns and operates 1193 stores located in 18 states (38 judicial districts) throughout the country." Brief in Support of Motion to Transfer Venue at 1; *see also* map of O'Reilly store locations available at http://www.oreillyauto.com/B2C/home.locator?vehicle (Pl. App. at 8). Although O'Reilly has stores throughout the central and southern United States, nearly one third of these stores (381) are located in Texas. *See* O'Reilly's 2003 Annual Report at 18 (Pl. App. at 28). The state with the next largest number of stores is O'Reilly's home state of Missouri, which has 132 stores. *Id.*

against O'Reilly. *See* Notices of Consent Filed by Patrick Gruesbeck, Jay O'Neal, and Donna Seay (Pl. App. at 1,4). These individuals reside in College Station, Texas, Oklahoma City, Oklahoma, and Watauga, Texas. *See* Joint Status Report at ¶ 1.C. (Pl. App. at 69).

Although Salinas intends to pursue this case as a collective action, O'Reilly has informed this Court that it "vigorously contests that the facts necessary for a nationwide collective action exist." Joint Status Report at 2 (Pl. App. at 70); *see also* Brief in Support of Motion to Transfer Venue at 1. O'Reilly has also taken the position that "the putative opt-in plaintiffs do not become parties unless and until the Court determines their status to be similarly-situated to that of the Plaintiff." *Id.* at 1 (Pl. App. at 69). Thus, under O'Reilly's view of this case, this action is, and will never be more than, a single plaintiff case brought by a resident of the Northern District of Texas.

It is in this context that O'Reilly has filed its Motion to Transfer Venue Pursuant to 28 U.S.C. §1404(a).[2] This Court has jurisdiction, and venue is proper. O'Reilly contests neither. Rather, despite its position that this is a single plaintiff case that will not be certified as a collective action, O'Reilly seeks transfer on the grounds that "in the context of a nationwide collective action, it is more convenient to litigate in Western District of Missouri, Southern Division." Brief in Support of Motion to Transfer venue at 2.

O'Reilly should not be permitted to have its cake and eat it, too. It is disingenuous at best for O'Reilly to be seeking to transfer this case to its corporate headquarters on the grounds that this is a nationwide collective action when it also contends that this is a

---

[2] The Certificate of Conference for attached to O'Reilly's Motion to Transfer Venue states that "despite reasonable efforts, I have been unable to determine whether Mr. Edwards opposes this motion." Motion to Transfer Venue at 3. Counsel for Salinas believes that its request to see the attachments to O'Reilly's Motion before forming an opinion on whether to oppose the motion was reasonable. Interestingly, counsel for O'Reilly's also believes such requests are reasonable, at least when she is the one making the request. *See* Email exchange between Teresa Valderrama and Michael Josephson (Pl. App. at 76).

single plaintiff case. Although Salinas is a Texas resident and the current opt-in Plaintiffs (two of whom are Texas residents) have elected to litigate this case in Texas, Defendant is attempting to undermine these Plaintiffs' choice of forum and impose extreme costs on them by moving this case to Missouri. Such a move is intended to complicate and frustrate Salinas' efforts to recover the wages she has already worked hard to earn. Indeed, regardless of whether this Court analyzes the venue transfer motion as one affecting a single plaintiff who resides in Texas, or as nationwide collective action, O'Reilly has not met its heavy burden to demonstrate that the interests of justice weigh in favor of transfer. Thus, for the reasons set forth below, O'Reilly's Motion to Transfer Venue should be denied.

## II.     ANALYSIS AND AUTHORITIES

28 U.S.C. § 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." A defendant who moves to transfer venue pursuant to 28 U.S.C. §1404(a) bears the burden of proving that transfer is appropriate. *Peteet v. Dow Chemical Co.*, 868 F.2d 1428, 1436 (5th Cir. 1989); *Time v. Manning*, 366 F.2d 690, 698 (5th Cir. 1966).

The factors the Court should consider when evaluating a motion to transfer venue include: (1) the convenience of the parties; (2) the convenience of material witnesses; (3) the availability of process to compel the presence of unwilling witnesses; (4) the cost of obtaining the presence of witnesses; (5) the relative ease of access to sources of proof; (6) calendar congestion, (7) where the events in issue took place; and (8) the interests of justice. *See, e.g., Gundle Lining Constr. Corp. v. Fireman's Fund Ins. Co.*, 844 F.Supp. 1163, 1165 (S.D. Tex. 1994). However, when evaluating a motion to transfer venue, a plaintiff's choice of forum is

highly esteemed, *Menendez Rodriguez v. Pan American*, 311 F.2d 429, 434 (5th Cir. 1962), and should be given substantial weight. *Enserch International Exploration, Inc. v. Attock Oil Co.*, 656 F. Supp. 1162, 1167 (N.D. Tex. 1987). Unless the balance of factors **strongly** favors the moving party, the plaintiff's choice of forum should not be disturbed. *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947); *TIG Insurance Co. v. NAFCO Insur. Co.*, 177 F. Supp.2d 561, 568 (N.D. Tex. 2001). A court should not transfer venue where the result will be merely to shift the expense and inconvenience from one party to the other. *Id.*; *Enserch*, 656 F. Supp. at 1167. Because O'Reilly has not established that any of the above-mentioned factors clearly weigh in favor of transfer, O'Reilly's Motion to Transfer Venue must be denied.

## A.    O'Reilly has not Established that the Convenience of the Parties Clearly Weighs in Favor of Transfer to Missouri.

O'Reilly's argument that the convenience of the Plaintiffs weighs in favor of transfer to Springfield, Missouri is wholly without support. First, Defendant improperly attempts to discount the weight that should be accorded to a plaintiff's choice of forum in an FLSA collective action. Brief in Support of Motion to Transfer Venue at 7. Second, Defendant argues that "it will be just as convenient, or more convenient, [for potential opt-in plaintiffs] to travel to centrally-located Springfield Missouri as to Dallas, Texas," and that the "convenience of the many opt-in plaintiffs weighs in favor of a trial in Springfield, Missouri." *Id.* at 7-8. Incredibly, Defendant makes this second argument, which is without support, despite the fact that it *opposes* certification of this matter as a collective action. Because O'Reilly's arguments are nothing more than an attempt to shift the burden of litigating this case from one party to another, O'Reilly's motion to transfer this case from the Salinas' home forum of Dallas, Texas to the location of O'Reilly's corporate headquarters in Springfield, Missouri must be denied.

4

1.  **Contrary to O'Reilly's argument, plaintiffs' choice of forum in a collective action is relevant to the venue analysis.**

O'Reilly argues that because this is a collective action, Salinas' choice of forum is irrelevant to the transfer analysis. *See* Brief in Support of Defendant's Motion to Transfer Venue, at 7 (citing *Eugene v. McDonalds Corp.,* No. 96 C 1469, 1996 WL 411444, at *2 (N.D. Ill., July 18, 1996); *Koster v. Lumbermans Mut. Cas. Co.,* 330 U.S. 518, 524 (1997).[3] O'Reilly, however, has misanalyzed the issue because it views this as a *class* action and not a *collective* action.

The distinction between the a class action and a collective action is critical. In an opt-out class action, the weight accorded to plaintiff's choice of forum is considerably reduced because the non-representatives of the class essentially have the representative plaintiff's choice of forum foisted upon them, even when the nominal plaintiff's role in the litigation is likely to be quite minimal. *See Bolton v. Tesoro Petroleum Corp.*, 549 F. Supp. 1312, 1313 – 1314 (E.D. Pa. 1982).

On the other hand, in a collective action, filed pursuant to 29 U.S.C. § 216(b), the Plaintiffs must opt into the collective action by affirmatively deciding to join the case. Thus, the choice of forum is not "happenstance" or "fortuitous" as in the class action cases cited by the Plaintiff. Instead, the Plaintiffs have made the affirmative choice that the venue they would prefer is the Northern District of Texas. *See* Notices of Consent for Anna Salinas, Jay O'Neal, Donna Seay, and Patrick Gruesback (Pl. App. at 1, 4).

---

[3] Of these two cases, only *Eugene,* which is an unreported case out of the Northern District of Illinois, actually involves a FLSA collective action rather than a class action. As an unreported case from a district court in another Circuit, *Eugene* should be accorded little or no weight by this Court. This is particularly true in light of the fact that *Eugene* does not discuss the important distinctions between class actions and collective actions as they pertain to the venue transfer analysis. *See* 1996 WL 411444 at *2.

Furthermore, Salinas will have a significant role in this litigation. The dispute in this case is whether Defendant was required to pay Salinas, as well as the other opt-in Plaintiffs, overtime pay under Section 7 of the Fair Labor Standards Act. *See* 29 U.S.C. § 207(a) (1998). Liability will turn primarily on whether Salinas' daily activities, the great majority of which occurred here in Texas, involved unpaid overtime. *See e.g.* 29 C.F.R. § 541.0 et. seq.; *Dalheim v. KDFW-TV*, 918 F.2d 1220, 1224 (5th Cir. 1990). Thus, Salinas will provide key testimony in this litigation. Her choice of venue, and the conscious choice of the other opt-in Plaintiffs, must be respected, and the burden of proof remains upon O'Reilly's to overcome the substantial weight accorded to the Plaintiffs' choice.

**2.    Contrary to the unsupported assertions in its brief, O'Reilly has made no showing that Springfield, Missouri will be a more convenient forum for Plaintiffs than Dallas, Texas.**

Although O'Reilly is opposed to certification of this case as a collective action, it boldly suggests that it will be more convenient for potential opt-in plaintiffs to litigate this case in Missouri than in Texas.

O'Reilly's only support for this argument is that Springfield, Missouri is "centrally located" and it has a large airport that is serviced by four major airlines. Leaving aside for a moment the fact that a defendant should not be making assumptions about what forum a plaintiff may choose to litigate in,[4] the fact of the matter remains that neither of these two factors weigh in favor of transferring this case to Missouri. Dallas, Texas, which is south and slightly west of Springfield, Missouri, is also centrally located. *See* O'Reilly's Map of Store Locations, available at www.oreillyauto.com/B2C/home.locator?vehicle (Pl. App. at 8).    Moreover, according to O'Reilly's 2003 Annual Report, 381 of O'Reilly's 1,109 stores are located in

---

[4]    As indicated below, a defendant cannot complain about any inconvenience to a plaintiff's witnesses. *Marks v. Fireman's Fund Ins. Co.,* 109 F.Supp. 800, 803 (S.D.N.Y. 1953).

Texas. *See* O'Reilly's 2003 Annual Report at 18 (Pl. App. at 28). This number is nearly three times greater than the number of stores in Missouri (132). It is particularly inappropriate for O'Reilly to be seeking transfer based on its speculation that potential plaintiffs might prefer to litigate in Missouri when, based on the number of stores, more than a third of the plaintiffs might come from Texas.

In addition, the fact that Springfield, Missouri "has a large airport serviced by major carriers such as American, Delta, United and Northwestern airlines," Brief in Support of Motion to Transfer venue at 8 n. 7, hardly demonstrates that justice warrants transfer in this case. Dallas, Texas has not one but two major airports and is serviced by more than eight major airlines, including America West, American, Delta, Continental, Northwest, United, U.S. Air and Southwest. *See* Dallas Fort Worth Airport Airline Guide, available at www.dfwairport.com/airlines/; *see also* Dallas Love Field Airport Guide, available at www.dallas-lovefield.com/airportguide/AirportGuideA.htm (Pl. App. at 79, 80). Moreover, O'Reilly has not shown that it would be any more expensive for O'Reilly's four corporate witnesses to travel to Dallas than it would be for Plaintiff (and the three opt-in Plaintiffs) to travel to Springfield.

**B.      O'Reilly's has not Established that the Convenience of Witnesses Clearly Weighs in Favor of Transfer to Missouri.**

Defendant argues that the convenience of the parties and witnesses weighs in favor of transfer. In doing so, Defendant ignores the evidentiary standard for such a determination and relies upon the discredited technique of witness-counting to make its case.

**1.      O'Reilly provides no evidence to support its claim of inconvenience.**

A party seeking a transfer of venue must clearly specify the key witnesses to be called and describe what their testimony will cover. *Young v. Armstrong World Industries, Inc.*,

7

601 F. Supp. 399, 401 (N.D. Tex. 1984), *citing* WRIGHT MILLER & COOPER, *Federal Practice and Procedure*, § 3851 at 270-71 (1976). O'Reilly must "make an affirmative showing of oppressiveness" and "prove *with particularity* the reasons why they are inconvenienced by Plaintiff's forum." *Id.* (emphasis in original).   In short, O'Reilly must present evidence supporting its assertion.  It has failed to do so in this case.

O'Reilly does identify four O'Reilly employees who are located in Springfield that it contends will be "key" witnesses in this case. *See* Brief in Support of Motion to Transfer Venue at 6.   However, O'Reilly has not made an affirmative showing that requiring these witnesses to testify at trial in Texas would be oppressive and has not shown with particularity how these witnesses will be inconvenienced.

More troubling, and ultimately fatal to O'Reilly's motion, is O'Reilly's complete failure to support its contention that it is inconvenienced by having this case in Texas. O'Reilly simply assumes that the geographic distance between Missouri and Texas constitutes some kind of *per se* inconvenience that necessitates transfer.  Not so.  As the Court observed in *Young*, Defendant's arguments that the facts bear no special relation to the Northern District of Texas are "irrelevant" absent an affirmative showing of oppressiveness. *Young*, 601 F. Supp. at 402. Not a single paragraph in the only affidavit attached to Defendant's Motion discusses how oppressive litigating in Texas would be for Defendant.   Failing to cite any evidence of the oppressiveness of the current forum precludes a determination that venue is more convenient in Missouri.

Defendant's omission is not surprising given the size and scope of the company. According to O'Reilly's 2003 Annual Report, O'Reilly had a net income of $100,000,087 in the year that ended December 31, 2003. *See* O'Reilly's 2003 Annual Report at 26 (Pl. App. at 35).

8

Moreover, it hardly seems oppressive for O'Reilly to litigate this case in Dallas, Texas when it has nearly three times more stores in Texas than in any other state. *Id.* at 18 (Pl. App. at 28). Under these circumstances, claims of oppression would be disingenuous. Indeed, the only evidence reveals that it is not oppressive for O'Reilly to litigate in this judicial district, and O'Reilly has presented no evidence to the contrary. Consequently, the Court should deny O'Reilly's Motion to Transfer Venue.

### 2. O'Reilly's arguments with respect to the inconvenience of the witnesses find no support in the law.

The law simply does not support O'Reilly's bare assertions regarding the inconvenience of witnesses. To the extent O'Reilly identifies any witnesses, they are employees of the Defendant. This Court "gives less consideration to the convenience of witnesses who are employees of a party, as their testimony can be compelled." *T.I.G. Insurance Co.*, 177 F. Supp.2d at 568-569. "With respect to convenience of witnesses, it should be emphasized that defendant may not complain on this motion about inconvenience to plaintiff's witnesses." *Marks,* 109 F. Supp. at 800. This doctrine makes sense given that the Plaintiffs, whom Defendant ostensibly cites in support of its position, have, in fact, ***affirmatively chosen*** to have their claims litigated in Texas. *See* Notices of Consent (P. App. at 1, 4). Finally, a corporation that does business in many cities, as O'Reilly indisputably does, can reasonably expect the possibility of suits in many forums and is better able than the Plaintiff to bear the attendant expense and possible inconvenience of a trial in a place not its choice. *Schonbuch v. Lee Fleet Management, Inc.*, 203 F. Supp. 793, 794 (S.D.N.Y. 1961).

O'Reilly also implies that venue should be transferred based on the number of witnesses that have been identified to date. *See* Brief in Support of Motion to Transfer Venue at 6. However, this witness-counting technique has been widely rejected. *See* WRIGHT MILLER &

COOPER, *Federal Practice & Procedure*, §3851 at 424 – 425 (1986) (The courts have refused to let applications for transfer become "a battle of numbers."); *Terra International, Inc. v. Mississippi Chemical Corp.*, 922 F. Supp. 1334, 1360 (N.D. Iowa 1996) ("sheer numbers of witnesses will not decide which way the convenience factor tips"). The emphasis in a transfer analysis is on the key witnesses. *Young*, 601 F. Supp. 399 at 401 – 402. As noted above, a key witness in this case is Salinas. A transfer of venue in this case would force Salinas to travel to Missouri to discuss her work in Texas, in spite of her chosen venue. It would merely shift any inconvenience of travel from the O'Reilly to Salinas – something this Court has repeatedly declined to do in the past. *TIG Insurance Co.*, 177 F. Supp.2d at 569; *Enserch*, 656 F. Supp. at 1167. The convenience of the witnesses and parties in this case supports venue in the Northern District of Texas.

**C.     O'Reilly has not Established that the Availability of Process to Compel the Presence of Unwilling Witnesses Clearly Weighs in Favor of Transfer to Missouri.**

To support its argument that the availability of process to compel witnesses supports transfer, O'Reilly argues that, if this case is certified as a nationwide collective action, there could be many potential witnesses, including former store managers, who are not subject to trial subpoena in Texas or in Missouri. Brief in Support of Motion to Transfer Venue at 11. O'Reilly further argues that this fact illustrates the rationale for "centering the venue where the most significant witnesses are located – here, O'Reilly's corporate human resources personnel." *Id.* O'Reilly's argument with respect to the ability to compel the presence of witnesses is fundamentally flawed because it ignores the fact that this factor pertains only to ***unwilling*** witnesses. *See Gundle*, 844 F.Supp. at 1165

Because O'Reilly has the power to compel its human resources personal to testify without a subpoena, the ability to compel the attendance of O'Reilly's human resources

10

witnesses simply is not something that should be considered in the venue transfer analysis. *See T.I.G. Insurance Co.*, 177 F. Supp.2d at 568-569 (this Court "gives less consideration to the convenience of witnesses who are employees of a party, as their testimony can be compelled.").

In addition, O'Reilly's contention that its human resources personnel will be the "most significant witnesses" in this case is purely speculative. If this case is certified as a collective action, it is beyond dispute that the testimony of Salinas and the opt-in plaintiffs, as well as the store managers at the locations where these plaintiffs worked, will play an important role in this case. O'Reilly simply has not made a showing that the availability of process to compel unwilling store managers would be any greater in Missouri than in Texas. If anything, based on the number of stores in Missouri and Texas, it is likely that this factor favors venue in Texas, not Missouri. *See* O'Reilly's 2003 Annual Report at 18 (Pl. App. 28). Thus, the availability of process to compel witnesses is yet another factor that does not support O'Reilly's Motion to Transfer Venue.

**D.     O'Reilly has not Established that the Cost of Obtaining the Presence of Witnesses Clearly Weighs in Favor of Transfer to Missouri.**

Although O'Reilly acknowledges that "various store managers from around the country" are likely to be important at trial, O'Reilly argues this case should be transferred to Missouri because it contends that it will cost less to obtain the presence of four witnesses (Jim Maynard, Steve Pope, Charlie Stallcup and Brett Heintz) who work at O'Reilly's corporate headquarters in Springfield, Missouri. Brief in Support of Motion to Transfer Venue at 11-12. According to O'Reilly, "venue transfer conserves not only the out-of-pocket costs of airfare, hotel and transportation for depositions and trial arrangements for those key witnesses who work at corporate headquarters, but the venue transfer also would minimize disruption of O'Reilly's corporate operations that would inevitably result if these witnesses are absent from their

important roles in daily operations because the Plaintiff or the Court requires them to be available on short notice during trial, or for its duration, or in connection with their testimony for O'Reilly." *Id.* at 12.

Insofar as the costs of traveling to depositions are concerned, O'Reilly is not considering the fact that the parties can work together to minimize deposition costs. For example, it may be possible to reach an agreement where by O'Reilly's four corporate witnesses located in Springfield Missouri can be deposed in Springfield, Missouri. Moreover, O'Reilly had a net income of $100,087,000 in the year that ended December 31, 2003. *See* O'Reilly 2003 Annual Report at 26 (Pl. App. at 35). O'Reilly has made no effort to prove what the costs of having its four witnesses travel to Texas for deposition or trial will be, much less establish how this would be a burden on a multimillion dollar company or how this burden would outweigh the burden that would be placed on Salinas by requiring her to pursue her claims away from her home state. Presumably, the costs of airfare from Springfield to Dallas is the same as the cost of airfare from Dallas to Springfield, and O'Reilly has made no showing that Salinas is better able to bear this cost than O'Reilly.

In addition, although it concedes that "store managers from around the country" are "likely to be important at trial," O'Reilly has not identified these witnesses, much less made a showing that the cost of obtaining these witnesses will be any lower in Missouri than in Texas. Once again, the fact that Springfield is "centrally located" is insignificant. As O'Reilly's own map of its stores demonstrates, Dallas is "centrally located" as well. *See* O'Reilly's map of store locations (Pl. App. at 8). In addition, as noted above, Dallas is served by two major airports and more than eight airlines. O'Reilly has made no showing that it would be significantly less expensive to travel to Springfield from each of the 18 states where it has stores than it would be

to travel to Dallas.  Given the increased competition at the Dallas airports, one might expect the opposite to be true.

Simply put, O'Reilly has not established that the cost of obtaining witnesses in Springfield is any lower than the cost of obtaining witnesses in Dallas, let alone that this is a factor that clearly weighs in favor of transfer.

**E.     O'Reilly has not Established that the Relative Ease of Access to Sources of Proof Clearly Weighs in Favor of Transfer to Missouri.**

O'Reilly argues that the relative ease of access to sources of proof weighs in favor of transfer to Missouri because O'Reilly's employment files, payroll records and timesheets are maintained in Springfield, Missouri, and because the records in this case will be voluminous if this case is certified as a collective action.  *See* Brief in Support of Motion to Transfer Venue at 8-9.  Although O'Reilly's records are located in Springfield, this factor ultimately bears little significance in the transfer analysis and thus does not clearly weigh of transferring this case.

"Typically, the accessibility and location of sources of proof should weigh only slightly in this Court's transfer analysis. . . . Indeed, this factor was probably of more significance in the pre-copier, pre-electric typewriter, pre-PC, pre-e-mail, pre-videotape days." *Mohamed v. Mazda Motor Corp.*, 90 F. Supp.2d 757, 778 (E.D. Tex. 2000).  Furthermore, "it is unlikely that all of these relevant documents will be needed for trial, and the documents can be produced and examined anywhere for discovery purposes."  *Continental Airlines, Inc. v. American Airlines, Inc.*, 805 F. Supp. 1392, 1397 (S.D. Tex. 1992).

Interestingly, O'Reilly once again makes note of how voluminous the relevant documents might be if this case is certified as a collective action.  *See* Motion to Transfer Venue at 9.  Specifically, O'Reilly contends that there around 5700 employees that currently hold the various positions Salinas held, which "may implicate" 5700 employee files containing an

13

estimated 144,000 pages of documents. *Id.* Accounting for former employees, O'Reilly estimates that the number of documents involved could surpass 500,000 pages. *Id.* In making this argument, O'Reilly, which has told this Court it have a nationwide practice of failing to pay overtime and that it does not believe this case is appropriate for certification as a collective action, *see* Brief in Support of Motion to Transfer Venue at 1 n. 1, is grossly overestimating the potential number of plaintiffs in this case. Unlike a class action, a FLSA collective action requires potential plaintiffs to opt in rather than opt out. As a result, it would be highly unusual for all of O'Reilly's current and former employees to opt in to this case. Indeed, if O'Reilly does not have a nationwide practice of failing to pay their employees time and a half for overtime, then either this case will not be certified as a collective action, or the number of opt-ins will be quite low.

In addition, O'Reilly's initial disclosures identify the following documents:

1.    Personnel File of Anna Salinas.

2.    Time Records of Anna Salinas.

3.    Overtime Pay Policy from the O'Reilly Auto Parts Policy Manual.

4.    Pay and Hours of Work Policy from the O'Reilly Auto Parts Policy Manual.

5.    Paychecks section from the O'Reilly Auto Parts Team Members Handbook

6.    Meal Breaks section from the O'Reilly Auto Parts Team Members Handbook

7.    Overtime section from the O'Reilly Auto Parts Team Member Handbook

O'Reilly's Initial Disclosures (Pl. App. at 82). These documents likely can be counted in the hundreds of pages, not the hundreds of thousands of pages touted by O'Reilly in its Motion to Transfer Venue. Moreover, Salinas' counsel is willing to cooperate with O'Reilly's counsel to

mitigate its inconvenience during the discovery process. Therefore, the accessibility and location

of sources of proof should not significantly weigh into the Court's transfer of analysis.

**F.    O'Reilly Concedes that Calendar Congestion does not Weigh in Favor of Transfer to Missouri.**

O'Reilly concedes that "[r]elative court congestion between the Western District

of Missouri and the Northern District of Texas neither favors nor disfavors transfer." Brief in

Support of Motion to Transfer Venue at 12. Thus, O'Reilly cannot show that this factor clearly

weights in favor of transfer.

**G.    O'Reilly has not Established that the Place of the Wrong Clearly Weighs in Favor of Transfer to Missouri.**

According to O'Reilly, "[t]he place of the alleged wrong is of 'primary

importance' in the venue determination." Brief in Support of Motion to Transfer Venue at 9

(citing *Lemery v. Ford Motor Co.*, 244 F.Supp.2d 720, 732 (S.D. Tex. 2002)). O'Reilly,

however, incorrectly argues that the place of the wrong in this case is outside of Texas. *See*

Memorandum in Support of Defendant's Motion to Transfer Venue at 10. While O'Reilly may

have made policy decisions about overtime pay in Missouri, the wrong to Ms. Salinas occurred

where she failed to receive the overtime pay to which she was entitled – Texas. A simple

analogy to tort law illustrates this point.[5]

Under well-settled tort law, the place of the wrong is the place where the injurious

effect of the alleged tort fell. *See D.J. Investments, Inc. v. Metzeler Motorcycle Tire Agent

Gregg, Inc.*, 754 F.2d 542, 547 - 548 (5th Cir. 1985); *Brown v. Flowers Industries, Inc.*, 688 F.2d

328, 333 – 334 (5th Cir. 1982). Thus, under O'Reilly's theory that Salinas is currently the only

---

[5] While Salinas' claims are statutory in nature, tort law is an appropriate source for information to determine the place of the "wrong" for purposes of a venue analysis. As Professors Prosser and Keeton note, a "tort is a civil wrong" and was at one time in common use in English as a general synonym for "wrong." *See* W. Page Keeton, et al., Prosser and Keeton on The Law of Torts, 5th ed., § 1, at 2 (West Publishing Co. 1984).

plaintiff in this case, the place of the wrong is the place where the injurious effects of O'Reilly's failure to pay Salinas – Texas.

Even if one considers the opt-in current Plaintiffs, whom, according to O'Reilly are not currently parties to this case, the place of the wrong is in Texas and Oklahoma – not Missouri. It is true that if this Court were to certify this matter as a nationwide collective action, and if this resulted in the addition of opt-in plaintiffs who worked at O'Reilly's stores in Missouri, then this would mean that there would be opt-in plaintiffs with respect to whom the place of the wrong would be Missouri. However, even if this case is certified as a collective action, it is likely that the place of the injury will be some place other than Missouri for the vast majority of these opt-in plaintiffs. Indeed, only 132 of O'Reilly's 1193 stores are located in Missouri. *See* O'Reilly 2003 Annual Report at 18 (Pl. App. 28). In contrast, 381 of these stores are located in Texas. *Id.* Thus, even if this case is certified as a collective action, one would expect nearly three times more opt-ins from Texas than from Missouri. Thus, even under the best-case scenario for O'Reilly (which, ironically, conflicts with O'Reilly's present view of this case), the place of the wrong simply is not a factor that supports transfer of venue in this case.

**H.     O'Reilly has not Established that the Interests of Justice Weigh in Favor of Transfer to Missouri.**

O'Reilly concludes with an argument that the "interests of justice" favor transfer of venue. *See* Brief in Support of Motion to Transfer Venue at 12-13. In fact, the opposite is true.

The public interest factors relevant to the court's determination include: (1) the pendency of related litigation in another forum; (2) delays due to docket congestion; (3) familiarity with the law that governs the action; and (4) the local interest in having localized controversies resolved at home. *Von Graffenfried v. Craig*, 246 F. Supp.2d 553, 562-63 (N.D.

16

Tex. 2003).  Defendant does not even discuss these public interest factors – for good reason. There is no pending related litigation in another forum, O'Reilly has conceded that docket congestion is not a factor that should be considered in the venue transfer analysis in this case, and a federal court in Texas can apply the federal law (i.e. the Fair Labor Standards Act) at issue in this case just as well as a federal court in Missouri.  In addition, the residents of the Northern District of Texas have an interest in knowing whether the workers of their community receive the overtime pay to which they might be entitled under the Fair Labor Standards Act, especially when they work for out-of-state corporations.  *See e.g., Mohamed*, 90 F. Supp.2d at 779 – 780 (the residents of the Eastern District of Texas have an interest to know whether defective products are offered for sale in their district even in a case where the accident in question occurred outside of the Eastern District).  As a result, the public interest factors support the Plaintiffs' choice of venue in the Northern District of Texas.

O'Reilly tries to conceal the fact that it cannot address these public interest factors by arguing that the public interest favors transfer because (1) this case is in its early stages and no discovery has taken place, (2) there is no particular tie to the Northern District of Texas (other than the fact that Salinas resides here), and (3) Springfield, Missouri is a "central location" where the material events occurred, and the documents, key witnesses, and corporate headquarters are located.  The fact that this case is in its early stages does not favor transfer.  Although no discovery has taken place, transfer will inevitably cause delay in the notice process, which will prejudice the rights of potential opt-in plaintiffs because the statute of limitations will continue to run until notice has issued and they have opted-in to this case.  O'Reilly's other arguments regarding the interests of justice essentially rehash O'Reilly's arguments regarding the convenience of the parties and witnesses, the costs of obtaining witnesses, and the locations of

documents.  As explained above, these factors do not weigh in favor of transferring this case to Missouri.

In the end, although O'Reilly may prefer to litigate this case near its home in Springfield, Missouri, O'Reilly is a multi-million dollar company with operations in many states, including extensive operations in Texas.  It has not met its heavy burden to establish that the factors discussed above clearly weigh in favor of ignoring the Salinas' choice of forum.  Essentially, although O'Reilly contends that Salinas is currently the only Plaintiff in this case and that this case should not be certified as a nationwide collective action, it seeks to impose the burden and expense of litigating away from home on this single plaintiff so that it can avoid the minor inconvenience litigating this case in Texas would impose on the company.  As demonstrated at length above, a transfer would not be justified even if this were a nationwide collective action.  To transfer this case to Missouri in its present posture, with a single Texas plaintiff (as well as two Texas opt-ins and one Oklahoma opt-in, who O'Reilly contends are not yet parties to this case), would clearly be contrary to the interest of justice.  O'Reilly's motion to transfer this case to the Western District of Missouri, Southern Division must be denied.

### III.   CONCLUSION

Venue is proper in the Northern District of Texas.  O'Reilly must carry a strong burden with clear evidence to show that an otherwise proper venue is inconvenient.  O'Reilly, however, has only evinced an effort to shift any inconvenience to itself upon Salinas and the opt-in Plaintiffs – something the law does not allow.  As such, Plaintiffs' venue choice must be honored and O'Reilly's Motion to Transfer Venue must be denied.

Respectfully submitted,

Brady Edwards
*ATTORNEY IN CHARGE*
State Bar No. 00793021
EDWARDS & GEORGE, LLP
1000 Louisiana, Suite 1300
Houston, Texas  77002
713.339.3233
713.339.2233 (facsimile)

J. Derek Braziel
State Bar No. 00793380
EDWARDS & GEORGE, LLP
208 N. Market Street, Suite 400
Dallas, Texas  75202
214.749.1400
214.749.1010 (facsimile)

Richard J. Burch
State Bar No. 24001807
BRUCKNER BURCH, PLLC
5847 San Felipe, Suite 3900
Houston, Texas  77057
713.877.8788
713.877.8065 (facsimile)

**ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing document was delivered by regular mail, hand delivery and/or facsimile on the following counsel for defendants:

Teresa S. Valderramma
Kathryn S. Vaughn
Baker Botts, L.L.P.
One Shell Plaza
910 Louisiana
Houston, Texas 77002

Eric Senske
Baker Botts, L.L.P.
2001 Ross Avenue
Dallas, Texas 75201

John M. Williams
L. Don Luttrell
Luttrell & Williams, P.C.
3000 Weslayan, Suite 350
Houston, Texas 77027

**ON THE 3rd DAY OF NOVEMBER, 2004.**

_____
Brady Edwards