UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ANNA SALINAS, on her behalf and on behalf of those similarly situated, | § § § § | |
| Plaintiff, | § § | |
| V. | § § | CIVIL ACTION NO. 3: 04-CV-1861-B |
| O'REILLY AUTOMOTIVE, INC., | § § § | |
| Defendant. | § | |

## MEMORANDUM ORDER

Before the Court is Defendant's Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a) ("Motion to Transfer"), filed October 15, 2004. For the reasons that follow, the Motion to Transfer is DENIED.

### I. Factual and Procedural Background

Plaintiff Anna Salinas ("Salinas") brings this action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, on behalf of herself and others similarly situated. Salinas was employed by Defendant O'Reilly Automotive, Inc. ("O'Reilly") from December 1999 until May 2004. (Compl. ¶ 11). Salinas alleges that she worked more than 40 hours per week but was not paid overtime. (*Id.*). She also complains that O'Reilly required her to work "off the clock" without pay. (*Id.*). Salinas asserts that the "members of the class" include similarly situated O'Reilly employees who were not paid overtime rates for hours worked in excess of 40 hours per week. (Compl. ¶ 3). At the time briefing on the Motion to Transfer closed on November 19, 2004, in addition to Salinas, five current or former O'Reilly employees had filed consents to join this collective action.

1

## II. Analysis

**A.     Legal Standard**

Even where a court has personal jurisdiction over a defendant, and venue is proper, it may nevertheless transfer a case to another district or division where the case could have been brought, if transfer would be convenient for the parties and in the interest of justice. 28 U.S.C. § 1404(a). The purpose of this rule is to "protect litigants, witnesses, and the public against unnecessary inconvenience and expense." *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964). Transfer under § 1404 is discretionary with the district court. *Jarvis Christian Coll. v. Exxon Corp.*, 845 F.2d 523, 528 (5th Cir. 1988). The defendant seeking transfer shoulders the burden of proving why the case should be transferred to an alternate forum. *Trevino v. Louisiana-I Gaming*, 2002 WL 27769, at *1 (E.D. La. Jan. 8, 2002).

The defendant must first show that the plaintiff could have initially brought the action in the transferee court. In re *Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004). If so, the Court then considers whether, on balance, a transfer would serve the interests of convenience and justice. *Wolf Designs, Inc. v. Donald McEvoy Ltd., Inc.*, 2005 WL 233803, at *3 (N.D. Tex. Jan. 31, 2005). The Court considers the following factors: "(1) the convenience of the parties, (2) the convenience of material witnesses, (3) the availability of process to compel the presence of unwilling witnesses, (4) the cost of obtaining the presence of witnesses, (5) the relative ease of access to sources of proof, (6) calendar congestion, (7) where the events in issue took place, and (8) the interests of justice in general." *Id*. Unless the weight of these factors strongly favor the party seeking transfer, "the plaintiff's choice of forum will seldom be disturbed." *Southwest Sec. Bank v. Southwest Bank*, 2004 WL 2983058, at *1 (N.D. Tex. Dec. 23, 2004). The plaintiff's choice of forum is accorded less weight,

however, when the plaintiff sues outside its home district and where most of the operative facts occurred outside the district. *Isbell v. DM Records, Inc.*, 2004 WL 1243153, at *13 (N.D. Tex. June 4, 2004).

B.   Application

    1.   **Whether this Action Could Have Been Brought in the Western District of Missouri**

O'Reilly expressly moves to transfer this case to the Southern Division of the Western District of Missouri, located in Springfield. The parties do not dispute that venue would be proper there. O'Reilly's headquarters are in Springfield and it would be subject to personal jurisdiction in the Western District of Missouri; hence, it "resides" there within the meaning of the venue statute. 28 U.S.C. § 1391(c); *Peay v. Bellsouth Med. Assistance Plan*, 205 F.3d 1206, 1210 n. 3 (10th Cir. 2000).

    2.   **Plaintiff's Choice of Forum**

The parties heavily engage over the issue of the relative weight the Court should place on Salinas's choice of forum. O'Reilly argues that Salinas's choice should be discounted or ignored completely because she purports to bring a nation-wide collective action. In *Eugene v. McDonald's Corporation*, the district court noted that the importance of a plaintiff's choice of forum should be discounted "where the plaintiff is a nonresident of the forum, when the plaintiff sues derivatively or as a class representative, and where the cause of action did not conclusively arise in the selected forum." 1996 WL 411444, at *2 (N.D. Ill. July 18, 1996). The court declined to accord weight to the plaintiff's choice of forum because he resided in another district, he sought to bring a nation-wide FLSA collective action, and it was uncertain whether the events underlying the cause of action

occurred in the forum or another state. *Id.*

As pointed out by Salinas, the court in *Eugene* did not discuss the special nature of collective actions under the FLSA. In FLSA collection actions, as opposed to Rule 23 class actions, "no person can become a party plaintiff and no person will be bound by or may benefit from judgment unless he has affirmatively 'opted into' the class; that is, giving his written, filed consent." *Alix v. Shoney's, Inc.*, 1997 WL 66771, at *2 (E.D. La. Feb. 18, 1997). In analyzing a motion to transfer venue under § 1404(a), the Eastern District of Louisiana held that "the 'opt-in' structure of collective actions . . . strongly suggests that Congress intended to give plaintiffs considerable control over the bringing of an FLSA action." *Id.* at *3; *Johnson v. Big Lots Stores, Inc.*, 2005 WL 357200, at *4 (E.D. La. Feb. 10, 2005). Thus, given the nature of FLSA collective actions, and the fact that Salinas resides in the Northern District of Texas, the Court finds that Salinas's choice of forum is entitled to respect.

3.      **Convenience of the Parties**

O'Reilly contends that the Western District of Missouri is more convenient to both parties. Salinas does not appear to dispute that Missouri would be a more convenient forum for O'Reilly, inasmuch as it is headquartered in Missouri, and will no doubt have many key witnesses and documents there. A case should not be transferred, however, simply to shift the burden of inconvenience from the defendant to the plaintiff. *See Enserch Int'l Exploration, Inc. v. Attock Oil Co., Ltd.*, 656 F.Supp. 1162, 1167 n. 15 (N.D. Tex. 1987). O'Reilly also maintains that the convenience of the opt-in plaintiffs weighs in favor of a Missouri forum. O'Reilly cites that Plaintiff Salinas resides within the Dallas Division of the Northern District of Texas, opt-in Plaintiff Donna L. Seay resides within the Fort Worth Division of the Northern District of Texas, opt-in Plaintiff Jay P. O'Neal resides in Oklahoma City, opt-in Plaintiff Kathy Hinton resides in Springfield, Missouri, and opt-in

Plaintiff Scott List resides in Lubbock, Texas. (Def.'s Mot. Transfer at 7-8; Def.'s Reply at 4-5).[1] The Court finds that venue in the Northern District of Texas would be equally, if not more, convenient for these Plaintiffs than in the Western District of Missouri. Recognizing that the remaining potential opt-in plaintiffs could come from any of the 18 states in which O'Reilly stores are located, the Court further finds that neither Dallas, Texas, nor Springfield, Missouri would be *more* convenient. Both cities are centrally located (Pl.'s App. at 8) and, as shown by the parties, have airports that are served by a variety of major airline carriers. (Def.'s App. at 10; Pl.'s App. at 79, 80).

    4.    **Convenience of Witnesses**

The convenience of witnesses is oft-considered the most important factor in the transfer analysis. *Isbell*, 2004 WL 1243153, at *14. The convenience of non-party witnesses is paramount. *Id*. The defendant seeking transfer "must specifically identify the key witnesses and outline the substance of their testimony." *N2 Consulting, LLC v. Engineered Fastener Co.*, 2002 WL 31246770, at *3 (N.D. Tex. Oct. 2, 2002) (internal quotations omitted) (quoting *Dupre v. Spanier Marine Corp.*, 810 F.Supp. 823, 825 (S.D. Tex. 1993)). O'Reilly states that it is unaware of any specific non-party witnesses that either side expects will testify. Potential non-party witnesses include former O'Reilly store managers and employees, who may be scattered across the 18 states in which O'Reilly stores are located. Because Dallas and Springfield are centrally located, this factor is neutral.

As for party witnesses, O'Reilly identifies four "key witnesses" that it expects will testify, all of whom reside in Missouri. Although O'Reilly does specifically identify witnesses and describe in

---

[1] The Court also notes that Patrick Gruesbeck filed his consent to joint this action as a party plaintiff on September 17, 2004. The documentation attached to Gruesbeck's notice indicates that he resides in College Station, Texas.

general the subject matter of their potential testimony, the Court is not convinced that O'Reilly has shown that litigating in this Court would be oppressive. *Young v. Armstrong World Indus., Inc.*, 601 F.Supp. 399, 401-02 (N.D. Tex. 1984). Furthermore, the fact that both parties will undoubtedly rely on testimony from current or former O'Reilly store managers and employees nation-wide does not tip the scale either way.

     **5.**     **The Availability of Process to Compel the Presence of Unwilling Witnesses**

Because Salinas intends to pursue this action on a nation-wide level, the Court finds that this factor is neutral. Unwilling witnesses for whom issuance of process might be necessary are likely to be spread throughout the country. Process to compel the attendance of those witnesses appears no more available in Springfield than it is in Dallas.

     **6.**     **The Cost of Obtaining the Presence of Witnesses**

O'Reilly identifies four witnesses from its corporate headquarters who are likely to be important witnesses at trial and argues that the out-of-pocket costs for those witnesses will be less if this case were tried in Missouri. O'Reilly concedes, however, that "store managers from around the country" are also likely to be important witnesses. Again, both Texas and Missouri are "central" to O'Reilly store locations nation-wide, and the cost of obtaining the presence of witnesses in either place would be approximately the same.

     **7.**     **The Relative Ease of Access to Sources of Proof**

The documents of potential relevance to this case are spread across the country. While O'Reilly states that Missouri is the repository of its current and former employees' employment files and payroll records, employees' timesheets are typically maintained in the location where such employees worked. O'Reilly has failed to demonstrate that the documents at issue in this case, while

6

voluminous, could not be made available in Texas. *See TIG Ins. Co. v. Nafco Ins. Co., Ltd.*, 177 F.Supp.2d 561, 568 (N.D. Tex. 2001); *Mohamed v. Mazda Motor Corp.*, 90 F.Supp.2d 757, 778 (E.D. Tex. 2000). Even assuming that the bulk of documents in this case will emanate from Missouri, this factor is of little consequence to the Court's transfer determination.

### 8. Calendar Congestion

O'Reilly concedes that the relative docket congestion between the Northern District of Texas and the Western District of Missouri is roughly equivalent. This factor thus plays no role in the Court's analysis.

### 9. Where the Events in Issue Took Place

The parties dispute where the place of the wrong occurred. O'Reilly maintains that the only way for Salinas to bring a nation-wide collective action is to show that the harm suffered by the plaintiffs arose from a company-sponsored policy or scheme. *Levinson v. Primedia, Inc.*, 2003 WL 22533428, at *1 (S.D.N.Y. Nov. 6, 2003). O'Reilly posits that Missouri is the only logical place from which such a policy could have been issued because Missouri is where O'Reilly's payroll and time-keeping practices were established. (Def.'s App. at 8). Salinas, on the other hand, contends that the wrong occurred where the alleged harm of O'Reilly's policies was felt – at the places of residence of each of the plaintiffs, in Salinas's case – Texas.

As the briefing by the parties and the inherent nature of this case demonstrates, the events at issue in this lawsuit took place at each O'Reilly store location at which each plaintiff worked, and events also took place at O'Reilly's Missouri headquarters, where O'Reilly's payroll and time-keeping policies were allegedly formulated. O'Reilly has failed to persuade the Court that Salinas's choice of forum should be upset simply because a substantial part of the events at issue might have also

7

occurred in Missouri.

**10.     Interests of Justice**

Factors relevant to the "interests of justice" inquiry include: (1) the pendency of related litigation in another forum; (2) delays due to docket congestion; (3) familiarity with the law that governs the action; and (4) the local interest in having localized controversies resolved at home. *Von Graffenreid v. Craig*, 246 F.Supp.2d 553, 562 (N.D. Tex. 2003). None of these factors favors transfer. Indeed, the Court notes that, as pointed out by Salinas, O'Reilly operates 381 of its 1193 stores – almost one-third – in the state of Texas while only 132 of its stores are located in Missouri. (Pl.'s App. at 28). This action thus has a greater likelihood of impacting the interests of Texas residents like Salinas. *See Johnson*, 2005 WL 357200, at * 4 (finding that FLSA action may affect the interests of Louisiana residents because the defendant operated several stores in Louisiana). After considering the foregoing factors, the Court concludes that O'Reilly has not met its burden to show that a transfer of this action would better serve the interests of convenience or justice. Accordingly, a transfer of this case pursuant to § 1404(a) is not warranted.

### III. Conclusion

For the reasons stated above, Defendant's Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a) is DENIED.

**SO ORDERED.**

SIGNED February   25th   , 2005

JANE J. BOYLE
UNITED STATES DISTRICT JUDGE