UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ANNA SALINAS, on her behalf and on behalf of those similarly situated, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:04-CV-1861-B |
| | § | |
| O'REILLY AUTOMOTIVE, INC., | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM ORDER

Before the Court is Plaintiff's Motion to Strike Affirmative Defenses, filed October 4, 2004. After review of the pleadings and documents on file, the Court DENIES Plaintiff's motion to strike for the following reasons.

### I. Factual and Procedural Background

Plaintiff Anna Salinas ("Salinas")[1], a former employee of Defendant O'Reilly Automotive, Inc. ("O'Reilly"), alleges that O'Reilly willfully failed to pay her for overtime she accrued and required her to work "off the clock" without pay in violation of the Fair Labor Standards Act (FLSA).  (Pl.'s Compl. ¶¶ 11,13).  Salinas filed suit in this Court on August 26, 2004 under the FLSA. O'Reilly filed an answer on September 21, 2004 denying Salinas's allegations of wrongdoing (Def.'s Answer ¶¶ 11,13) and asserting, among other defenses, the affirmative defenses of laches, waiver, and unclean hands.  (Def.'s Answer ¶¶ 27-28).  On October 4, 2004, Salinas filed a motion

---

[1]Salinas seeks to bring this action on behalf of those similarly situated.

1

to strike these three defenses under Rule 12(f) of the Federal Rules of Civil Procedure.[2]  The briefing is complete and the matter is now ripe for the Court's determination.

## II. Analysis

### A. Legal Standard for Motions to Strike

Motions to strike under Rule 12(f) are generally disfavored and are considered a "'drastic remedy to be resorted to only when required for the purposes of justice.'"  *Augustus v. Bd. of Pub. Instruction of Escambia County, Fla.*, 306 F.2d 862, 868 (5th Cir. 1962) (internal citations omitted). Given the "'practical difficulty of deciding cases without a factual record it is well established that the action of striking a pleading should be sparingly used by the courts.'"  *Id.* (internal citations omitted).  Further, "when there is no showing of prejudicial harm to the moving party, the courts generally are not willing to determine disputed and substantial questions of law upon a motion to strike."  *Id.*

However, "a Rule 12(f) motion to dismiss a defense is proper when the defense is insufficient as a matter of law."  *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1057(5th Cir. 1982) (internal citations omitted).  "An affirmative defense is not valid if it appears to a certainty that the plaintiff would succeed despite any set of facts which could be proved in support of the defense."  *Equal Employment Opportunity Comm'n v. First Nat'l Bank of Jackson*, 614 F.2d 1004, 1008 (5th Cir. 1980) (internal citations omitted).  Under Rule 12(f) it is within the discretion of the court to strike such insufficient defenses from the pleadings.  *United States v. Cushman & Wakefield, Inc.*, 275 F. Supp. 2d 763, 768 (N.D. Tex. 2002) (internal citations

---

[2]The Court notes that Salinas withdrew her challenge to O'Reilly's estoppel defense (Pl.'s Reply 6) and the Court will not, therefore, address that issue.

omitted).

## B. Defendant's Affirmative Defenses

### 1. Laches

Salinas first moves to strike the defense of laches from O'Reilly's answer. Salinas contends that laches is an insufficient defense because (1) Salinas is solely seeking monetary damages under the FLSA and therefore the equitable defense of laches should be unavailable; and (2) Congress has established a statute of limitations governing FLSA claims[3] that should preclude the applicability of laches.

Laches traditionally developed as an exclusively equitable defense. *United States v. Mack*, 295 U.S. 480, 489 (1935) ("Laches within the term of the statute of limitations is no defense at law.") In general, "[t]he defense of laches may be invoked where the plaintiff has unreasonably and inexcusably delayed in prosecuting its rights and where that delay has resulted in material prejudice to the defendant." *Studiengesellschaft Kohle mbH v. Eastman Kodak Co.*, 616 F. 2d 1315, 1325 (5th Cir. 1980). Laches developed "on the principle that '[it] is not, like limitation, a mere matter of time; but principally a question of the inequity of permitting the claim to be enforced, – an inequity founded upon some change in the condition or relations of the property or the parties.'" *Holmberg v. Armbrecht*, 327 U.S. 392, 396 (1946) (internal citations omitted). For that reason, "[a] suit in equity may fail though 'not barred by the act of limitations.'" *Id.* (internal citations omitted).

While the Fifth Circuit has expressed skepticism that laches can be used to bar a claim at law filed within a relevant statute of limitations, it has not stated a definitive conclusion on the

---

[3]*See* 29 U.S.C. § 255.

issue. *Fed. Deposit Ins. Corp. v. Fuller*, 994 F.2d 223, 224 (5th Cir. 1993). The Eighth Circuit has noted that "[t]he Supreme Court has not definitely revisited this subject since the merger of law and equity in modern federal practice." *Ashley v. Boyle's Famous Corned Beef Co.*, 66 F.3d 164, 168 (8th Cir. 1995). However, the Supreme Court has commented that the "application of the equitable defense of laches in an action at law would be novel indeed." *Oneida County, New York v. Oneida Indian Nation of N.Y. State*, 470 U.S. 226, 245 n.16 (1985). Many modern courts continue to disallow laches as a defense for actions at law, particularly when Congress has created an applicable statute of limitations.[4] However, not all federal circuits agree that laches is *always* unavailable as a defense for claims at law[5], nor for claims with an applicable statute of limitations. *See, e.g., S.E.R., Jobs for Progress, Inc. v. United States*, 759 F.2d 1, 9 (Fed. Cir. 1985) ("[T]he court has decided that laches cannot ordinarily be invoked as a defense to legal claims where a statute of limitations is normally available to preclude the recovery on stale claims, unless the offended party has been unmistakably prejudiced by the delay in the assertion of the claim.").

The Court recognizes that the majority of case authority rejects the sufficiency of laches as

---

[4]*See Lyons P'ship, L.P. v. Morris Costumes, Inc.*, 243 F.3d 789, 797 (4th Cir. 2001) ("[L]aches is a doctrine that applies only in equity to bar equitable actions, not at law to bar legal actions."); *Ivani Contracting Corp. v. City of New York*, 103 F.3d 257, 260 (2nd Cir. 1997) ("The prevailing rule, then, is that when a plaintiff brings a federal statutory claim seeking legal relief, laches cannot bar that claim, at least where the statute contains an express limitations period within which the action is timely."); *Ashley*, 66 F.3d at 170 ("Thus, separation of power principles dictate that federal courts not apply laches to bar a federal statutory claim that is timely filed under an express federal statute of limitations."); *Miller v. Maxwell's Int'l Inc.*, 991 F.2d 583, 586 (9th Cir. 1993) ("[T]he doctrine of laches is inapplicable when Congress has provided a statute of limitations to govern the action.").

[5]*See Hot Wax, Inc. v. Turtle Wax, Inc.*, 191 F.3d 813, 822 (7th Cir. 1999) ("[A]lthough laches is an equitable doctrine, courts increasingly apply it in cases at law in which plaintiffs seek damages." (internal citations omitted); *Teamsters & Employers Welfare Trust of Ill. v. Gorman Bros. Ready Mix*, 283 F.3d 877, 881 (7th Cir. 2002) ("[A]s with many equitable defenses, the defense of laches is equally available in suits at law."); *Martin v. Consultants & Adm'r, Inc.*, 966 F.2d 1078 (7th Cir. 1992).

a defense against a claim filed at law and subject to a statute of limitations. Nevertheless, given the high standard of review for 12(f) motions to strike, the Court will not attempt to resolve this unsettled legal issue here, especially because Salinas will suffer no prejudice as a result, and she will have the opportunity to test this defense again once the record has more fully developed in this case.

## 2. Waiver

Additionally Salinas moves to strike O'Reilly's affirmative defense of waiver. In support of her motion, Salinas cites the Supreme Court's comment that "[its] decisions interpreting the FLSA have frequently emphasized the nonwaivable nature of an individual employee's right to a minimum wage and to overtime pay under the Act." *Barrentine v. Ark.-Best Freight Sys., Inc.*, 450 U.S. 728, 740 (1981). However, the Fifth Circuit recently explained that waiver of judicial forum through arbitration agreements are enforceable in some FLSA disputes. *Carter v. Countrywide Credit Indus., Inc.*, 362 F.3d 294, 298 (5th Cir. 2004) ("We thus find unpersuasive the . . . contention that FLSA claims are not subject to arbitration.") Additionally, the FLSA explicitly permits employees to waive their right to a cause of action by accepting agreements supervised by the Secretary of Labor. 29 U.S.C. § 216(c). While the Court is not aware that either of these two possibilities currently apply to this case, at this early stage the Court cannot determine as a matter of law that O'Reilly's affirmative defense of wavier would fail "despite any set of facts which could be proved in support of the defense." *Equal Employment Opportunity Comm'n*, 614 F.2d at 1008.

## 3. Unclean Hands

Finally, Salinas moves to strike O'Reilly's affirmative defense of unclean hands on the ground that it is an equitable defense unavailable in suits at law. The doctrine of unclean hands

5

"closes the doors of a court of equity to one tainted with inequitableness or bad faith relative to the matter in which he seeks relief, however improper may have been the behavior of the defendant." *Precision Instrument Mfg. Co. v. Auto. Maint. Mach. Co.*, 324 U.S. 806, 814 (1945). The unclean hands doctrine developed in courts of equity and, like laches, many modern courts do not apply the doctrine to claims at law.[6] However, in *Kuehnert v. Textar Corp.*, 412 F.2d 700 (5th Cir. 1969), the Fifth Circuit noted that while the plaintiff in that case was "not seeking equitable relief the [unclean hands] doctrine remains applicable, since it expresses a general principle equally suited to damage actions."[7] *Id.* at 704 (internal citations omitted). Therefore, this Court declines to strike O'Reilly's unclean hands defense at this time.

### III. Conclusion

For the foregoing reasons, the Court DENIES Plaintiff's Motion to Strike Affirmative Defenses.


**SO ORDERED.**

**SIGNED June 16th, 2005**


JANE J. BOYLE
UNITED STATES DISTRICT JUDGE

---

[6]William J. Lawrence, III, Note, *The Application of the Clean Hands Doctrine in Damage Actions*, 57 NOTRE DAME LAW. 673, 673 (1982).

[7]*See also Union Pac. R.R. Co. v. Chicago & N.W. Ry. Co.*, 226 F.Supp. 400, 410 (N.D.Ill. 1964)("The clean hands maxim is not peculiar to equity, but expresses a general principle equally applicable to damage actions.") (internal citations omitted).