IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ANNA SALINAS | § | |
| | § | |
| v. | § | Civil Action No. 3:04-CV-1861-B |
| | § | |
| O'REILLY AUTOMOTIVE, INC. | § | |
| | § | Jury Demanded |

## FIRST AMENDED COMPLAINT

Plaintiff Anna Salinas ("Plaintiff") brings this action against Defendant O'Reilly Automotive, Inc. ("Defendant") and would show as follows:

### I.
### OVERVIEW

1.  Defendant has failed to pay Plaintiff in accordance with the Fair Labor Standards Act ("FLSA"). Plaintiff was not paid time and a half of her regular rate of pay for all hours worked in excess of 40 hours per workweek. Specifically, Plaintiff was required to perform work "off the clock" for which she would receive no compensation at all. Plaintiff does not perform work that meets the definition of exempt work under the FLSA.

### II.
### PARTIES

2.  Plaintiff Anna Salinas is an individual who resides in Midlothian, Texas. Her written consent to this action is on file with the Court.

3.  Defendant O'Reilly Automotive is a Missouri corporation and has already appeared in this action.

## III.
## JURISDICTION

4. This Court has subject matter jurisdiction over this case under 28 U.S.C. § 1331. This Court has personal jurisdiction over Defendant because it is does business within this district, the cause of action arose in this district as a result of Defendant's conduct within this district, and has appeared in this matter.

## IV.
## VENUE

5. Venue is proper in the Northern District of Texas because the events forming the basis of the suit occurred in this District.

## V.
## COVERAGE

6. At all times hereinafter mentioned, Defendant has been an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

7. At all times hereinafter mentioned, Defendant has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

8. At all times hereinafter mentioned, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

9. At all times hereinafter mentioned, Plaintiff was an individual employee who was engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206–207.

## VI.
## FACTS

10. Plaintiff was employed by Defendant from December 1999 until May 2004. Plaintiff was paid an hourly wage. Plaintiff worked in excess of 40 hours per week, but was not paid overtime for such work. Plaintiff was not paid at one and a half times of her regular rate of pay for all hours worked in excess of 40 hours in a workweek. Further, Plaintiff was required to perform work "off the clock" for which she would receive no compensation at all.

11. Plaintiff was not exempt from the overtime pay requirements of the Fair Labor Standards Act because she was an hourly worker and/or her duties were non-exempt.

## VII.
## FAILURE TO PAY WAGES IN
## ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

12. During the relevant period, Defendant has violated the provisions of Sections 6 and/or 7 of the FLSA, 29 U.S.C. §§ 206, 207, and 215(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as aforesaid, for work weeks longer than forty hours without compensating Plaintiff for her employment in excess of forty hours per week at rates of no less than one and one-half her regular rate of pay for which she was employed. Defendant has acted willfully in failing to pay Plaintiff in accordance with the law.

## VIII.
## JURY DEMAND

13. Plaintiff demands a trial by jury.

## IX.
## RELIEF SOUGHT

21. WHEREFORE, cause having been shown, Plaintiff prays for judgment against Defendant as follows:

a. For an Order awarding Plaintiff back wages that have been improperly withheld;

b. For an Order pursuant to Section 16(b) of the FLSA finding Defendant liable for unpaid back wages due to Plaintiff and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff;

c. For an Order awarding Plaintiff the costs of this action;

d. For an Order awarding Plaintiff her attorneys fees;

e. For and Order awarding pre-judgment and post-judgment interest at the highest rates allowed by law; and

f. For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

*Patrick KA Elkins for*

Brady Edwards
State Bar No. 00793021
Patrick K.A. Elkins
State Bar No. 24045829
EDWARDS BURNS & KRIDER LLP
1000 Louisiana, Suite 1300
Houston, Texas 77002
713.339.3233
713.339.2233 (facsimile)

Richard J. Burch
State Bar No. 24001807
BRUCKNER BURCH, PLLC
5847 San Felipe, Suite 3900
Houston, Texas 77057
713.877.8788
713.877.8065 (facsimile)

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document was served on all opposing counsel of record by regular mail, hand delivery and/or facsimile at the addresses listed below in accordance with the Federal Rules of Civil Procedure:

Teresa S. Valderrama
Kathryn S. Vaughn
Baker Botts, L.L.P.
One Shell Plaza
910 Louisiana
Houston, Texas 77002

Eric Senske
Baker Botts, L.L.P.
2001 Ross Avenue
Dallas, Texas 75201

John M. Williams
L. Don Luttrell
Luttrell & Williams, P.C.
3000 Weslayan, Suite 350
Houston, Texas 77027

**ON THE 4TH DAY OF JANUARY, 2006.**

*Patrick KA Elkins for*
_____
Brady Edwards